**In re Abram Joel SNYDER, Debtor.**

**Nellie HOOKS, Plaintiff,**

v.

**Abram Joel SNYDER, Defendant.**

**Bankruptcy No. 3–82–00363.**
**Adv. No. 3–82–0263.**

United States Bankruptcy Court,
E. D. Tennessee.

July 23, 1982.

James M. Crain, Knoxville, Tenn., for plaintiff.

Charles Gordon, Powell, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

This cause came on to be heard on the 14th day of June, 1982, before the Honorable Clive W. Bare, Bankruptcy Judge, on plaintiff's complaint, the answer of the defendant, the testimony of witnesses in open court, and the record as a whole, the defendant appearing by his attorney but not appearing in person, and accordingly not testifying.

## FINDINGS OF FACT

Based upon the evidence produced in this cause, the Court finds as follows:

1. That on February 13, 1982, plaintiff and defendant entered into written contract (Exhibit 1) providing for certain work on the home of plaintiff, to be performed by defendant.

2. That pursuant to this contract, plaintiff paid the defendant the sum of $2,100.00, as provided therein, and defendant did substantial work under this contract.

3. Prior to completion of work under this contract, plaintiff and defendant orally contracted for additional work on plaintiff's house not covered by the first contract.

4. Thereafter, plaintiff was contacted by Judith Stolfo, an attorney in Knoxville, Tennessee, on behalf of defendant. While there is some disagreement between the accounts of plaintiff and Ms. Stolfo concerning the precise statements made by Ms. Stolfo to plaintiff, the court does not find it necessary to resolve these discrepancies. The result was that plaintiff went to Ms. Stolfo's office, paid to Ms. Stolfo for defendant One Thousand Dollars remaining to be paid on the initial contract (Exhibit 1)—which payment, by the terms of the contract, was not yet due—and further executed a promissory note (Exhibit 2) secured by a deed of trust on plaintiff's residence (Exhibit 3) as payment for the work to be performed under the oral contract.

5. No written notice of plaintiff's right to rescind this contract was given to plaintiff, in violation of the requirements of 15 U.S.C. § 1635(a).

6. The promissory note, executed by plaintiff (Exhibit 2) provides on its face for a principal amount of One Thousand Three Hundred Seventy Five and, 00/100 Dollars ($1,375.00) with interest at 12% per annum and stipulates a "full sum of $1850 . . . ." Accordingly, the "finance charge" reserved under said note is $475.00.

7. The deed of trust was recorded in the office of the Register of Deeds for Knox County, Tennessee, appearing in Trust Deed Book 1983, page 881.

8. None of the work called for by the oral contract between plaintiff and defendant was in fact performed by defendant.

9. A reasonable fee for the services of plaintiff's attorney in this cause is $300.00.

10. Plaintiff established no actual damages arising from the execution of the promissory note (Exhibit 2) and the deed of trust (Exhibit 3).

## CONCLUSIONS OF LAW

■ 1. The note (Exhibit 2) and deed of trust (Exhibit 3) were executed by plaintiff in consideration of defendant's undertaking to do the work provided for in the oral contract; and defendant's failure to perform any of the work provided for by that contract constitutes a total failure of consideration, entitling plaintiff to avoid the note and deed of trust.

■ 2. The failure of defendant to properly inform plaintiff of her right to rescind the oral contract within three (3) days as provided by 15 U.S.C. § 1635(a) gives plaintiff a continuing right to rescind this contract, which right was exercised by plaintiff in the filing of the complaint in this cause; plaintiff is accordingly, entitled to a return of the full consideration for this contract.

3. That defendant's failure to abide by the requirements of 15 U.S.C. § 1635(a) renders him liable to plaintiff under 15 U.S.C. § 1640(a)(2)(A)(i) in an amount equal to twice the finance charge imposed under the contract, to-wit, the sum of $950.00, and under 15 U.S.C. § 1640(a)(3) to a reasonable attorney fee, to-wit, the sum of $300.00.

■ 4. That this Court, under the provisions of Rule 770, Bankruptcy Rules, has the authority to direct defendant to release the note and deed of trust, within a stated period; and in the event of defendant's failure to do so, to direct some person to execute said release on behalf of defendant, at defendant's cost.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.